**METROPLEX EQUITIES, INC.,
Appellant,**

v.

**W. F. LOTT et al., Appellees.**

No. 5543.

Court of Civil Appeals of Texas,
Waco.

Feb. 5, 1976.

Rehearing Denied March 18, 1976.

Stalcup, Johnson, Meyers & Miller, David J. White, Dallas, for appellant.

Green, Gilmer, Crutcher, Rothpletz & Burke, John Plath Green, Dallas, Harold Hollingsworth, Kaufman, Howell, Johnson, Mizell, Taylor, Price & Corrigan, Robert S. Mizell, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Metroplex from judgment for plaintiffs Lott in a suit for earnest money deposited by Metroplex under the terms of a contract to purchase real estate.

Plaintiffs Lott sued defendant Kaufman County Abstract Company, alleging plaintiffs entered a contract with Metroplex to sell Metroplex real estate in Kaufman County; that Metroplex placed $10,000. in escrow with the Abstract Company as earnest money; that Metroplex defaulted in its performance of the contract; and that plaintiffs are entitled to the $10,000. under the terms of the contract.

The Abstract Company answered by interpleader alleging a controversy between the Lotts and Metroplex over entitlement to the money; tendered the $10,000. into court, and plead for its attorney's fees.

Metroplex answered that it did not breach the contract to purchase, but that plaintiffs Lott were unable to convey title to the property in accordance with the contract, and cross acted for the $10,000.

Trial was before the court, which held that plaintiffs Lott had tendered full performance of their contract to sell; that Metroplex failed and refused to perform such contract; rendered judgment that the Abstract Company recover $500. attorney's fees; that plaintiffs Lott recover $9,500; and that Metroplex take nothing.

Metroplex appeals on 11 points, the basic contentions of which are that the judgment of the trial court should be reversed and rendered because:

1) Two T P & L easement instruments encumbering the property were not excepted from the title which the Lotts contracted to convey to Metroplex.

2) Two Rose Hill Water Supply Corporation easement instruments encumbering the property were not excepted from the title which the Lotts contracted to convey to Metroplex.

Metroplex as purchaser and the Lotts (W. F. Lott, James M. Lott, and Margarett Lott) as sellers entered into a contract of sale of 438.9 acres of land in Kaufman County in November 1973. Pursuant to the terms of the contract Metroplex deposited $10,000. with the Abstract Company as ear-

nest money. (When the instant case was filed the Abstract Company tendered this money into court.) The contract provided that if the purchaser failed to consummate the contract for any reason except sellers' default, the seller shall have the right to the earnest money as liquidated damages.

The contract provided that good and marketable title would be conveyed by general warranty deed with the following exception:

"8(d) Seventy (70) foot T P & L right-of-way easement of approximately 2.7 acres and Rose Hill Water Supply Corporation line easement in front of the property adjacent to FM 987."

Metroplex 1st contention is that there are two T P & L easement instruments:

1) A 1925 grant to T P & L to run a 70 foot right-of-way easement over approximately 2.7 acres; and

2) A 1966 grant to T P & L, which additionally restricted the land owner from building structures more than 20 feet in height "within 50 feet of the centerline".

Metroplex asserts "thus the restriction on the property was not a 70-foot strip but a 100-foot strip on the entire length of the transmission line"; that there is 30 foot more easement on the property than was excepted in the contract, and for such reason the Lotts have not tendered the title they contracted to convey.

Metroplex 2nd contention is that there are two Rose Hill Water Corporation instruments which do not show the location where the pipeline is to be laid. The 1st easement was signed by only two of the Lotts, while the 2nd easement is identical with the 1st, and is signed by all three of the Lotts.

Prior to execution of the contract of sale, the Lotts' real estate agent delivered to Metroplex copies of the two T P & L easements, and copies of the two water line easements; and the officers of Metroplex went out on the land and viewed the power and water lines in place on the property.

Metroplex then prepared the contract of sale and by letter dated October 30, 1973, forwarded it to the Lotts' agent with comments on various sections of the contract they had prepared. The comment on section 8d was "We have listed the two specific easements of T P & L and the Kaufman water line as acceptable to us".

The foregoing evidence was admissible to explain section 8d of the written contract, which as noted was prepared by Metroplex. *Neece v. AAA Realty,* S.Ct., 159 Tex. 403, 322 S.W.2d 597.

We think the trial court was authorized to find that the four easement instruments constituted the two easements excepted in section 8d of the contract, and that the easements excepted in section 8d of the contract describe and are the four easements which are in evidence, and copies of which were furnished to Metroplex prior to preparation and execution of the contract, and which Metroplex stated in its letter of October 30, 1973, were "acceptable to us".

All Metroplex's points have been considered and are overruled.

Affirmed.